**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DENNIS MINTUN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. CIV-08-838-R |
| | ) |
| **CORRECTIONS CORPORATION** | ) |
| **OF AMERICA, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Before the Court are the Report and Recommendation of United States Magistrate Judge Robert E. Bacharach entered February 18, 2009 [Doc. No. 21] and Plaintiff's "response" thereto filed March 3, 2009 [Doc. 22]. Also before the Court is Plaintiff's Motion to Amend Complaint [Doc. No. 23]. The Court treats Plaintiff's "response" to the Report and Recommendation as an objection thereto to the extent Plaintiff disagrees with the findings and/or conclusions of the Magistrate Judge and reviews the Report and Recommendation *de novo* in light of Plaintiff's objections.

Plaintiff objects to the recommended dismissal of Plaintiff's § 1983 Eighth Amendment claim in which he alleges he loses sleep at night because prison officials turn the lights on and off several times during "count" and sometimes use loud radios. Plaintiff states that he is "unable to prove harm due to exhaustion and sleep deprivation which only serves to exacerbate his pain from his injured back" because of "obvious conflicts with medical staff." Response [Doc. No. 22] at p. 1. However, at this juncture, the issue is not

one of proof but of factual allegations. As the Magistrate Judge pointed out, in his Complaint Plaintiff "failed to identify any facts reflecting sufficient frequency of the sleep interruption or of any resulting harm." Report and Recommendation at p. 8. Absent allegations of fact suggesting that the lack of sleep constituted a sufficiently serious harm, the Magistrate Judge correctly concluded that Plaintiff had failed to state a claim for an Eighth Amendment violation and the claim must be dismissed.

Plaintiff objects to the recommendation of the Magistrate Judge that Defendants' motion for summary judgment be granted as to Plaintiff's § 1983 claim for deliberate indifference to his alleged serious medical needs based upon the alleged refusal to send Plaintiff to a specialist for his back pain and leg problems. Plaintiff's objection is without merit. Plaintiff did not allege in his Complaint, much less present evidence, that Dr. Warren never examined his back. In any event, summary judgment is recommended only on the deliberate indifference claim predicated on failure to send Plaintiff to a specialist.

Plaintiff objects to dismissal of his retaliation claim and attempts to cure the deficiency in his response. However, based upon the allegations in Plaintiff's Complaint, dismissal of this claim is proper. Plaintiff will have an opportunity to cure the deficiencies in his Complaint by filing an Amended Complaint.

The Court agrees with the Magistrate Judge that Plaintiff's allegations concerning an inadequate grievance process fail to state a claim for a deprivation of due process. As with the retaliation claim, Plaintiff may attempt to cure the deficiencies in this claim by filing an Amended Complaint, not by his objection.

Except as to the use of lights during the night and the alleged denial of due process through grievance procedures, Plaintiff has wholly failed to allege the existence of a custom or policy which allegedly caused the deprivation of Plaintiff's constitutional rights or pursuant to which the individual Defendants acted.  Accordingly, Plaintiff's remaining § 1983 claims against Defendant Corrections Corporation of America must be dismissed. Plaintiff's opportunity to correct these deficiencies lies in filing an Amended Complaint, not in attempting to supplement the allegations in the Complaint in his objection.

Plaintiff's motion for leave to amend his Complaint is GRANTED insofar as Plaintiff may amend his claims involving alleged sleep deprivation from lighting and radios, retaliation and inadequacy in the grievance process to cure or attempt to cure the deficiencies in his allegations identified in the Report and Recommendation by filing an Amended Complaint within fifteen (15) days of the date of this Order.

In accordance with the foregoing, the Report and Recommendation is ADOPTED in its entirety; Defendants' motion to dismiss Plaintiff's § 1983 Eighth Amendment claim for sleep deprivation, his § 1983 claims for retaliation and deprivation of due process and all of his § 1983 claims against Defendant CCA is GRANTED, those claims are DISMISSED without prejudice and Plaintiff is GRANTED leave to file an Amended Complaint amending those claims.  Defendants' motion for summary judgment on Plaintiff's § 1983 claim for deliberate indifference to serious medical needs predicated on failure to send Plaintiff to a specialist for his back pain and leg problems is GRANTED.  In all other respects, Defendants' motion to dismiss or for summary judgment is DENIED.

This matter is again referred to the Magistrate Judge for further proceedings in the event an Amended Complaint is filed and, if not, to notify the parties of their right to consent to referral of this action to a Magistrate Judge and to consider a request for counsel for Plaintiff.

IT IS SO ORDERED this 10th day of March, 2009.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE